UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARK W. WIGGINS | * | NO: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| MORAN TOWING AND TRANSPORTATION, LLC | * * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SEAMAN'S COMPLAINT FOR DAMAGES

The Complaint of **MARK W. WIGGINS,** a person of the full age of majority, with respect represents:

I.

Defendant, **MORAN TOWING AND TRANSPORTATION, LLC**, a Louisiana corporation doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto Plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

II.

Jurisdiction of this Court is invoked under the Jones Act, General Maritime Law and Diversity.

III.

On or about October 17, 2023, **MARK W. WIGGINS** was employed by **MORAN TOWING AND TRANSPORTATION, LLC** as a Jones Act seaman and crew member of the M/V LINDA MORAN.

IV.

At all pertinent times hereto **MORAN TOWING AND TRANSPORTATION, LLC** owned, operated, and/or controlled the M/V LINDA MORAN and its associated barge, the HOUSTON, which were, at all pertinent times relevant to this litigation, a vessel in navigation.

V.

On or about October 17, 2023, Plaintiff **MARK W. WIGGINS** was working to clean the decks of the barge HOUSTON experienced an accident while moving hoses, causing him to call and suffer from serious painful injuries to his right foot and other parts of his body, all while employed by **MORAN TOWING AND TRANSPORTATION, LLC**.

VI.

On information and belief, Plaintiff alleges that the sole and proximate cause of the above-described accident was the negligence of **MORAN TOWING AND TRANSPORTATION, LLC** in the following, non-exclusive respects:

1. Breach of a legally imposed duty of reasonable care owed by Defendant to Plaintiff;

2. Failure to provide a reasonably safe place to work;

3. Failure to properly train and supervise Plaintiff;

4. Failure to take any means or precautions for the safety of Defendant's employees, including Plaintiff;

5. Creation and maintenance of an unseaworthy vessel;

6. Failure to provide minimum safety requirements;

7. Failure to provide adequate equipment for the job in question;

8. Failure to provide adequate personnel for the job in question;

9. Other acts of negligence and unseaworthiness which will be shown at the trial of this matter.

## VII.

As a direct result of the negligence of Defendant and the unseaworthiness of its vessels, Plaintiff, **MARK W. WIGGINS,** is entitled to recover from Defendant reasonable and just compensatory, special, and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

1. Past, present and future physical, mental and emotional pain and suffering;
2. Past, present and future loss of wages, fringe benefits and wage earning capacity;
3. Past and future physical disability;
4. Past, present and future medical expenses; and
5. All other special and general damages as will be shown at the trial of this matter.

## VIII.

Pursuant to the General Maritime Law of the United States of America, **MORAN TOWING AND TRANSPORTATION, LLC** had and continues to have the absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

## IX.

As a result of the aforementioned accident, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman.

## X.

Therefore, Plaintiff prays for the payment of past, present and future adequate maintenance benefits, as well as past, present and future payment of any and all cure benefits to which Plaintiff is entitled. Should Defendant, **MORAN TOWING AND TRANSPORTATION, LLC,** fail to honor its maintenance and cure obligation, Plaintiff is entitled to attorney's fees, punitive damages and an additional compensatory award for any acts

of negligence on the part of Defendant which would result in a deterioration of Plaintiff's medical condition.

## XI.

Plaintiff specifically alleges a claim for punitive damages against Defendant herein based upon General Maritime Law, as it relates to any arbitrary and/or unreasonable failure of defendant to pay maintenance and cure benefits.

## XII.

Plaintiff prays for a trial by jury on all issues raised herein.

**WHEREFORE,** Plaintiff prays that Defendant **MORAN TOWING AND TRANSPORTATION, LLC** be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had, there be Judgment herein in favor of Plaintiff, **MARK W. WIGGINS,** and against Defendant, **MORAN TOWING AND TRANSPORTATION, LLC,** for all damages to which Plaintiff is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

**FURTHERMORE**, Plaintiff prays that Defendant, **MORAN TOWING AND TRANSPORTATION, LLC,** be cast in judgment in favor of Plaintiff for past, present, and future adequate maintenance benefits as well as past, present, and future payment of any and all cure benefits to which Plaintiff is entitled by law and penalties and additional damages if applicable.

Respectfully Submitted,

 /s/Megan C. Misko
TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
**THE YOUNG FIRM**
400 Poydras Street, Suite 2090
New Orleans, LA 70130
Telephone: (504) 680-4100
Facsimile: (504) 680-4101
tjy@theyoungfirm.com
tdh@theyoungfirm.com
mcm@theyoungfirm.com